[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By Complaint dated December 11, 1996, Plaintiff, Bankers Trust Company, as Trustee ("Plaintiff' or "Bankers Trust" herein) brought this action to foreclose on a mortgage it holds on property known as 8 Fairmount Drive, Danbury, Connecticut. The Plaintiff claims that the Defendant, Evelyn Attick, has defaulted on the note underlying the mortgage by never having made a single payment on account of the mortgage note. The Defendant, Mrs. Attick, has pleaded, as a special defense, that she made "tender of payment" of the mortgage debt prior to any alleged default and prior to the commencement of this foreclosure action. She claims that, by virtue of such tender, the mortgage was released and discharged and interest on the debt was suspended. A trial was held on this matter on November 4, 5, and 16, 1999 before this Court.
Based upon the evidence presented at trial, the Court makes the following findings:
1. On July 19, 1996, the Defendant, Mrs. Evelyn Attick, executed an adjustable rate note, dated July 19, 1996, and payable to the order of Quality Mortgage USA, Inc., in the original principal amount of $288,000.00. Said note was secured by a mortgage, recorded on the Land CT Page 8557 Records of the City of Danbury, on real property known as 8 Fairmount Drive. The said mortgage was subsequently assigned to the Plaintiff, Bankers Trust Company, as Trustee, and the Plaintiff is the owner and holder of the said note and mortgage.
2. Title to the premises which are secured by the said mortgage is currently held in the name of Wildman's Landing, LLC and a lis pendens was recorded on the subject property in the Danbury Land Records. The Court granted the Motion of Wildman's Landing, LLC to become a Defendant on November 16, 1999 and the said Wildman's Landing was defaulted for failure to disclose a defense on said date. Another named Defendant, Quick Power International, was defaulted for a failure to appear on July 22, 1997.
3. At the time of the execution of the note and mortgage documents, Mrs. Attick was assisted in the transaction by her son, Nicholas Attick, Jr. Mr. Attick has a close relationship with his mother, visits her regularly, opens her mail for her on a regular basis, and assists her in business matters.
4. Payments were not made in accordance with the terms of the note and as a result thereof, the Defendant, Mrs. Attick, was deemed to be in default and demand was made for payment in full.
5. Both Mrs. Attick and Mr. Attick testified at the trial of this matter. There were numerous inconsistencies in the testimony of Mrs. Attick and her son. After having considered the testimony of both Mrs. Attick and Mr. Attick, this Court has concluded that neither Mrs. Attick nor her son were credible witnesses. Virtually all of the testimony of Mrs. Attick and Mr. Attick was misleading, ambiguous or equivocal. The Court's finding that the testimony of Mrs. Attick and Mrs. Attick was not credible is dispositive of virtually all of the issues in this case.
6. There is no merit nor is there any recognizable legal basis to Mrs. Attick's special defense that she made "tender of payment" of the mortgage debt prior to any default and that therefore the mortgage should be released and discharged. There is simply no credible evidence to support such a claim. Moreover, "tender of payment" is not one of the cognizable defenses to a foreclosure action, to wit, payment, discharge, release, satisfaction, or invalidity of the lien. To the extent that the Defendant would urge the Court to exercise its equitable discretion and consider the "tender of payment" argument as a defense to this action, the Court notes that it is a fundamental principle of equity jurisprudence that for a complainant to show that [she] is entitled to the benefit of equity [she] must establish that [she] comes into court with "clean hands". See, Pappas v. Pappas, 164 Conn. 242 (1973). The CT Page 8558 evidence in this matter clearly establishes that Mrs. Attick does not come to this matter with "clean hands."
7. There is no credible evidence that Mrs. Attick with the assistance of her son had made arrangements for and/or obtained approval for a loan to refinance the mortgage that is being foreclosed in this action. Nor is there any basis for the Defendant's claim that she would have been able to so refinance but for the failure of the Plaintiff's mortgage servicer to provide Mrs. Attick with a mortgage payoff statement. Such claims by the Defendant are simply not supported by any credible evidence elicited at trial.
8. The Plaintiff has proven the allegations of the Complaint.
9. The Court finds the fair market value of the subject real estate to be $330,000.00 allocated $100,000.00 to the land and $230,000.00 to the improvements thereon. The appraiser, Mr. Olcha, is awarded a fee in the amount of $800.00.
10. The Court finds the debt to be in the total amount of $431,428.45 as of November 4, 1999.
11. A judgment of strict foreclosure is entered and a law day of August 21, 2000 is entered for the owner of the equity and subsequent business and banking days for subsequent encumbrancers in inverse order of their priority.
12. Costs and reasonable attorneys fees will be awarded to the plaintiffs counsel upon the filing of a bill of costs and an affidavit in support of the claim for attorney's fees.
BY THE COURT
 ________________________ CARROLL. J.